FILED
CLERK, U.S. DISTRICT COURT
6/27/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: JB DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>RAVEN CARLOS CARRASCO,<br><br>　　　　Defendant. | CR  2:23-cr-00316-SVW<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii): Possession with Intent to Distribute Methamphetamine; 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm; 21 U.S.C. § 853, 18 U.S.C. § 924, 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii)]

On or about October 12, 2022, within the Central District of California, defendant RAVEN CARLOS CARRASCO knowingly and intentionally possessed with intent to distribute at least five grams, that is, approximately 19 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TWO

[18 U.S.C. § 922(g)(1)]

On or about October 12, 2022, within the Central District of California, defendant RAVEN CARLOS CARRASCO knowingly possessed a firearm, namely, a Taurus .357 caliber revolver, bearing serial number JS705423, in and affecting interstate and foreign commerce.

Defendant CARRASCO possessed such firearm knowing that she had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

(1) Petty Theft with Prior Jail, in violation of California Penal Code Section 666, in the Superior Court of the State of California, County of Los Angeles, case number VA100081, on or about April 2, 2007;

(2) Forged Access Card to Defraud, in violation of California Penal Code Section 484F, in the Superior Court of the State of California, County of Los Angeles, case number VA112883, on or about December 15, 2009; and

(3) Second Degree Burglary, in violation of California Penal Code Section 459, in the Superior Court of the State of California, County of Los Angeles, case number VA127639, on or about March 28, 2014.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, in the event of the defendant's conviction of the offense set forth in Count One of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from such offense;

(b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense; and

(c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Two of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a) All right, title, and interest in any firearm or ammunition involved in or used in such offense, including but not limited to the following:

      (1) One Taurus .357 caliber revolver, bearing serial number JS705423; and

   (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

              /S/
Foreperson

E. MARTIN ESTRADA
United States Attorney

*[signature]*

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

JEFFREY M. CHEMERINSKY
Assistant United States Attorney
Chief, Violent and Organized
Crime Section

JEREMIAH LEVINE
Assistant United States Attorney
Violent and Organized Crime
Section